UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

VICTORIA GUADALUPE,

                         Plaintiff,

       -v-

COMMISSIONER OF SOCIAL SECURITY

                         Defendant.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

20 Civ. 4522 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

        Plaintiff Victoria Guadalupe brings this action against Defendant Commissioner of Social Security under the Social Security Act, 42 U.S.C. § 405(g), seeking review of an administrative law judge's ("ALJ") decision denying Plaintiff disability benefits and supplemental security income. Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

        Before this Court is Magistrate Judge Robert W. Lehrburger's September 16, 2021 Report and Recommendation (the "Report"), recommending that Plaintiff's motion be granted and Defendant's motion be denied.[1] Magistrate Judge Lehrburger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. No objections were filed. Having reviewed the Report for clear error, this Court adopts the Report in full. Plaintiff's motion for judgment on the pleadings is GRANTED. Defendant's motion is DENIED.

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

## I.    LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

A motion for judgment on the pleadings should be granted if the pleadings make clear that the moving party is entitled to judgment as a matter of law. However, the Court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. Substantial evidence is more than a mere scintilla. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004). It requires the existence of "relevant evidence as a reasonable mind might accept as adequate to support a conclusion," even if there exists contrary evidence. *Id.* (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). This is a "very deferential standard of review." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). The Court may not determine de novo whether Plaintiff is disabled but must accept the ALJ's findings unless "a reasonable factfinder would have to conclude otherwise." *Id.*

## II. PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS IS GRANTED

The administrative law judge ("ALJ") found that Plaintiff was not disabled under the Social Security Act because, despite her "several severe mental health impairments," there were a significant number of jobs in the national economy that Plaintiff could perform. (R. at 16, 18.) Magistrate Judge Lehrburger correctly concluded that the ALJ committed multiple legal errors by failing to adequately develop the record to obtain an acceptable medical opinion from the Plaintiff's treating doctor, improperly assessing opinion evidence, and engaging in impermissible cherry-picking. (R. at 19.)

As Magistrate Judge Lehrburger noted, there was no evidence that the ALJ attempted to obtain the opinion of an acceptable medical source, like that of Plaintiff's long-term psychiatrist Dr. Rogi-Llesuy. (R. at 25.) The only treating source the ALJ relied upon was of social worker Nancy Salzman—who is not an acceptable medical source under the treating physician rule. (R. at 19-22, 24.) In Social Security proceedings, the ALJ must affirmatively develop the record on behalf of all claimants. *See Moran v. Astrue*, 569 F.3d 108, 112 (2d. Cir. 2009); *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996); 20 C.F.R. § 416.912(b)(1). This is "particularly important" when the "disability claim is based on mental health issues. . ." *See Craig v. Commissioner of Social Security*, 218 F. Supp. 3d 249, 268 (S.D.N.Y. 2016). Without more, Magistrate Judge Lehrburger properly concluded that the ALJ failed to adequately develop the record with opinions from others in Plaintiff's treating care team. (R. at 25.)

The ALJ assigned partial weight to one portion of treating social worker Saltzman's opinion (that Plaintiff had "moderate limitations") and rejected the other (that she had "numerous marked and extreme limitations.") (R. at 27-28.) Magistrate Judge Lehrburger correctly found

3

the ALJ failed to "provide a sufficient explanation grounded in substantial evidence" for this disjointed analysis. (R. at 27.) Further, the ALJ's conclusion was not supported by the evidence in the record and he "substituted his own judgment for that of a competent medical opinion." (R. at 28-29.) Magistrate Judge Lehrburger reasonably concluded that the ALJ's evaluation of Saltzman's opinion was improper.

Magistrate Judge Lehrburger properly concluded that the ALJ provided an insufficient rationale for giving significant weight to the portion of Dr. Kamin's opinion that supported a finding of no disability, while giving little weight to the portion of the opinion that supported a finding of disability. (R. at 32.) While it is acceptable for the ALJ to only credit portions of medical source opinions, the ALJ should provide good reasons for doing so. *See Annabi v. Berryhill*, No. 16-CV-9057 (BCM), 2018 WL 1609271, at *16 (S.D.N.Y. Mar. 30, 2018); *Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir. 1983). The ALJ ascribed little weight to Dr. Kamin's opinion concerning limitations on Guadalupe's ability to complete a normal workday because of how Guadalupe's mental state improves if "medication and treatment compliant." (R. at 31-32.) This rationale lacks support by substantial evidence because it ignores Guadalupe's well-documented history of non-compliance. (R. at 32.) Magistrate Judge Lehrburger reasonably concluded that the ALJ's evaluation of the opinion evidence lacks support by substantial evidence and therefore constitutes "impermissible cherry-picking."

Thus, Magistrate Judge Lehrburger's findings regarding the ALJ's conclusions were well-reasoned and grounded in fact and law. This Court has reviewed the Report, and finds no error, clear or otherwise. Accordingly, Magistrate Judge Lehrburger's Report is ADOPTED in full.

### III.  CONCLUSION

Plaintiff's motion for judgment on the pleadings, (ECF No. 18), is GRANTED. Defendant's cross-motion for judgment on the pleadings, (ECF No. 22), is DENIED. This matter is remanded for a new hearing before a different, properly appointed ALJ.

Dated: New York, New York
      February 17, 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge